[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13405
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-01016-DAB


CLAUDE MCQUEEN,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF TRANSPORTATION,
STATE OF ALABAMA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 23, 2019)

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Claude McQueen ("Mr. McQueen"), an African-American male proceeding pro se on appeal, appeals a magistrate judge's grant of summary judgment to the Alabama Department of Transportation ("ALDOT"); the State of Alabama ("the State"); and three department employees—Sharon Ellis, Jason Boothe, and Mike Griffin (collectively "Individual Defendants") as to his retaliation and race discrimination complaints brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Equal Protection Clause.  For the reasons set forth herein, we affirm the judgment of the magistrate judge.[1]

I.

We assume the parties are familiar with the background of this case.  Thus, we summarize the proceedings and facts only insofar as necessary to provide context for our decision.  Mr. McQueen, who was represented by counsel in the proceedings below, asserted race discrimination claims based on unequal pay,[2] a hostile work environment claim, and a retaliation claim against ALDOT and the

---

[1]    The parties consented to the magistrate judge handling dispositive motions pursuant to 28 U.S.C. § 636(c).

[2]    The magistrate judge construed Mr. McQueen's complaint as potentially also raising an unequal pay claim under the Equal Pay Act.  Because Mr. McQueen does not make any arguments on appeal regarding sex discrimination, this argument is deemed abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  Alternatively, because Mr. McQueen did not demonstrate below that ALDOT or the State "pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions[,]" he has failed to establish a prima facie case under the Equal Pay Act in any event.  See Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1018 (11th Cir. 1994) (citations and internal quotation marks omitted).

State.  Mr. McQueen also asserted a claim under 42 U.S.C. § 1983 against the Individual Defendants, alleging that they allowed the creation of a racially hostile work environment and retaliated against him in violation of 42 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment.

## II.

We review a district court's order granting summary judgment de novo, viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party.  Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005).  Summary judgment is appropriate when the record demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  There must be sufficient evidence on which the jury could reasonably find for the plaintiff, and the existence of a scintilla of evidence in support of the plaintiff's position is insufficient.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986).  We may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court.  Kernel Records Oy v. Mosley, 694 F.3d 1294, 1309 (11th Cir. 2012).

III.

A.   Abandonment of Claims of Error

Issues must be raised plainly and prominently on appeal.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680–81 (11th Cir. 2014).  It is insufficient for a party to make only passing references to a claim without supporting argument or citation to authority.  Id. at 681–82.  Further, an appellant should clearly identify any issues that he wishes for us to address on appeal, and his statement of the issues on appeal should reference the grounds for the district court's rulings.  See id. at 680–81.  Although pro se briefs are liberally construed, these rules of abandonment apply equally to pro se litigants.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Mr. McQueen's brief generically argues that the magistrate judge erred by not affording him "the grace of the law that is afforded every non-moving party." Because Mr. McQueen has not challenged on appeal any of the multiple, independent reasons the magistrate judge provided for summary judgment as to all five defendants, he has abandoned any claims of error.  Timson, 518 F.3d at 874. This basis alone supports affirming the magistrate judge's judgment.  For the reasons set forth below, the judgment should be affirmed in any event.

4

B.    Race Discrimination Claims

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of race.  42 U.S.C. § 2000e-2(a).  Discrimination can be proven through direct or circumstantial evidence.  Hinson v. Clinch Cty. Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000).  Section 1983 of Title 42 makes liable any person acting under color of state law to an injured party for depriving the injured party of their rights under the Constitution.  42 U.S.C. § 1983.  Discrimination claims brought under § 1983 based on § 1981 and the Equal Protection Clause are subject to the same standards of proof and use the same analytical framework as intentional discrimination claims brought under Title VII.  Bryant v. Jones, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009).

Where the claimant relies on circumstantial evidence, we generally apply the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).  Trask v. Sec'y, Dep't of Veterans Affairs, 822 F.3d 1179, 1191 (11th Cir. 2016).  If the plaintiff makes out a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its action.  McDonnell Douglas Corp., 411 U.S. at 802, 93 S. Ct. at 1824.  The burden then shifts back to the plaintiff to show that the stated reason is pretext.  Springer v. Convergys Customer Mgmt. Grp. Inc., 509 F.3d 1344, 1349 (11th Cir. 2007).  Outside of the burden-shifting framework, a plaintiff may still survive

5

summary judgment by presenting "a convincing mosaic" of circumstantial evidence that "raises a reasonable inference that the employer discriminated against" him.  Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011).

Generally, to state a prima facie claim of racial discrimination, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) the employer treated similarly situated employees who were not members of the plaintiff's class more favorably; and (4) the plaintiff was qualified for the job or benefit at issue.  Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 842–43 (11th Cir. 2000).   For the reasons set forth below, the magistrate judge did not err in granting of summary judgment to ALDOT and the State as to Mr. McQueen's race discrimination claims because he failed to establish a prima facie case for both his unequal pay and hostile work environment claims.

### 1. Unequal Pay Claim

When a complained-of adverse employment action is not an "ultimate employment decision," such as a termination, failure to hire, or demotion, the conduct at issue must substantially alter "the employee's compensation, terms, conditions, or privileges or employment, [or] deprive him or her of employment opportunities."  Crawford v. Carroll, 529 F.3d 961, 970–73 (11th Cir. 2008)

(quotation marks omitted).  Actions that affect compensation are considered adverse employment actions.  42 U.S.C. § 2000e-2(a)(1).  "[A]n evaluation that directly disentitles an employee to a raise of any significance is an adverse employment action under Title VII."  Gillis v. Ga. Dep't of Corrs., 400 F.3d 883, 887 (11th Cir. 2005).  "When an employer applies its standard policies in a nondiscriminatory manner, its action is not objectively adverse."  Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1234 (11th Cir. 2006).

When comparing the plaintiff's treatment to a non-protected employee, the plaintiff and the employee he identifies as a comparator must be "similarly situated in all material respects."  See Lewis v. City of Union City, No. 15-11362, 2019 WL 1285058, at *8 (11th Cir. Mar. 21, 2019) (en banc).  This means that a similarly situated comparator will have "engaged in the same basic conduct (or misconduct) as the plaintiff, . . . will have been subject to the same employment policy, guideline, or rule as the plaintiff, . . . will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor as the plaintiff, and . . . will share the plaintiff's employment or disciplinary history[.]"  Id.  If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present.  Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

In this case, Mr. McQueen alleged that he was denied step raises based on his race.  Mr. McQueen stated in his deposition that the other members of his crew received step raises while he did not.   All of the other crew members, however, had received the certification that the step raise was conditioned upon, while Mr. McQueen had not.  Accordingly, Mr. McQueen has not pointed to a comparator that is similarly situated in all material respects.  See Lewis, 2019 WL 1285058, at *8.  Moreover, Mr. McQueen has failed to establish that he was entitled to such a raise, as he received multiple performance evaluations indicating that he was either not meeting performance standards or only partially meeting performance standards.[3]  Accordingly, the magistrate judge did not err in granting summary judgment to ALDOT and the State as to this claim.

### 2. Hostile Work Environment Claim

A hostile work environment claim under Title VII is established upon proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993) (quotation marks and citation omitted).  When the harassment claim is based on race, the employee must prove:

---

[3]    Mr. McQueen argued below that his poor appraisal scores were caused by preferential treatment of other employees based on race but did not offer any support for these arguments.

"(1) that he is a member of a protected class; (2) that he was subjected to unwelcome racial harassment; (3) that the harassment was based on his race; (4) that the harassment was severe or pervasive enough to alter the terms and conditions of his employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for the environment under a theory of either vicarious or direct liability." Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1248–49 (11th Cir. 2014). A plaintiff may establish a violation of Title VII by showing either severe or pervasive harassment. Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (en banc). Instances of harassment are considered cumulatively rather than in isolation. Id. However, the plaintiff must have been aware of the harassment. Adams, 754 F.3d at 1250.

In this case, Mr. McQueen alleged that ALDOT and the State allowed the creation of a racially hostile work environment by refusing to discipline his coworker, Josh Grisset, for racially based verbal harassment and physical violence. He alleged that Grisset spoke to him, but not the other (white) crew members disrespectfully[4] and that once, when riding to a job site, Grissett berated and physically assaulted him for no reason. Specifically, Mr. McQueen stated in his

---

[4]     Mr. McQueen contended below that Grisset criticized his work with comments like "that ain't done right," "that ain't the way that's done," and "you need to do that better" and generally made him feel unwelcome. The magistrate judge correctly noted that Mr. McQueen failed to establish that these comments were based on race.

deposition that while he and Grisset were riding in a truck, he informed Grisset that a hard hat had fallen off the truck, and Grisset responded by shoving him back in his seat and stating "[s]it back Goddamn it. Sit back MF."  Grisset then told him three times that he should not say anything else. Mr. McQueen has not shown that Grisset's mistreatment of him was based on race and it did not involve racially derogatory words or gestures.  See Adams, 754 F.3d at 1249.  Even assuming that racial animus could be inferred from Mr. McQueen being the only non-white member of his work crew, this was only a single incident and Mr. McQueen and Grisset continued to work together after this incident, demonstrating that it was not severe enough to alter the terms and conditions of his employment. See id.

Mr. McQueen also submitted evidence before the magistrate judge that other coworkers once referred to him using a derogatory racial slur and often disparaged his intelligence.[5]  There is no evidence, however, that Mr. McQueen was aware of these comments during the complained of time period, so we decline to consider it in assessing the totality of Mr. McQueen's workplace circumstances.  See Adams, 754 F.3d at 1250 ("The totality of a plaintiff's workplace circumstances does not include other employees' experiences of which the plaintiff is unaware. Courts

---

[5]    Specifically, Mr. McQueen submitted as evidence the declaration of a coworker, who recalled that "[o]n one occasion, I overheard white female employees . . . discussing Mr. McQueen and someone made the statement that he was a 'dumb nigger.' These white female employees often made disparaging comments about Mr. McQueen's intelligence."

10

conduct the objective assessment from the perspective of a reasonable person in the plaintiff's position, knowing what the plaintiff knew."). Moreover, even considering this evidence together with the above-discussed incident, this mistreatment considered cumulatively was too sporadic and isolated to be considered pervasive. See McCann v. Tillman, 526 F.3d 1370, 1379 (11th Cir. 2008); Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1276–77 (11th Cir. 2002). For these reasons, the magistrate judge did not err in granting summary judgment to ALDOT and the State as to this claim.[6]

### C.    Retaliation Claim

Title VII also prohibits discrimination against an employee if he opposed any unlawful employment practice made illegal by Title VII or because he made a charge of discrimination. 42 U.S.C. § 2000e-3(a). Absent direct evidence of discrimination, we employ the McDonnell Douglas framework when analyzing claims for retaliation. See Bryant v. Jones, 575 F.3d 1281, 1307 (11th Cir. 2009). A plaintiff establishes a prima facie case of retaliation by showing that he: (1) engaged in a statutorily protected activity; (2) suffered an adverse employment action; and (3) established a causal link between the protected activity and the adverse action. Id. at 1307–08.

---

[6]    Because Mr. McQueen's racial discrimination claims fail under Title VII, to the extent he also raised the same claims under 28 U.S.C. § 1981 and the Equal Protection Clause they likewise fail. See Bryant, 575 F.3d at 1296 n.20.

An adverse employment action in the context of retaliation is one that harmed the plaintiff and "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006).  For example, a poor performance review that directly results in a denial of a bonus constitutes a materially adverse action. Crawford, 529 F.3d at 971, 974.  However, we have held that neither an employee's "fully successful" performance review (rather than "exceptional"), nor his inability to attend certain committee meetings objectively constituted materially adverse actions, where the record showed that he suffered no more than mere frustration. Trask, 822 F.3d at 1195.  Retaliation claims must be proven under a but-for standard, requiring a showing that the plaintiff would not have suffered the adverse employment action if he had not engaged in the protected conduct.  See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360–61, 133 S. Ct. 2517, 2533–34 (2013).  "At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1354 (11th Cir. 1999) (quotation marks omitted).  A close temporal proximity between the alleged retaliatory acts and the protected activity is evidence of pretext, but insufficient by itself to establish pretext. Hurlbert v. St. Mary's Health Care Sys. Inc., 439 F.3d 1286, 1298 (11th Cir. 2006).

12

In this case, Mr. McQueen alleged that after he filed an internal and EEOC complaint about the above-discussed discrimination, he was "subjected to a suspicious drug screen which upon information and belief was designed to chill his willingness to engage in protected activity." As the magistrate judge found, Mr. McQueen's drug test did not constitute an adverse employment action because he passed the test and did not suffer any tangible harm as a result. See Crawford, 529 F.3d at 971–74.

Although not alleged in his complaint, Mr. McQueen stated in his deposition that his supervisor, Boothe, threatened to reprimand him after he filed the EEOC complaint. He also submitted the declaration of his supervisor, Barron, who stated that after Mr. McQueen filed his EEOC complaint, Boothe questioned Barron extensively about Mr. McQueen's job performance and then gave him a low performance rating. There is no evidence indicating that Booth knew about the EEOC charges at the time of the rating, however. To the contrary, Booth stated in a declaration that he was unaware of the EEOC complaint until Mr. McQueen filed the present lawsuit. Because Mr. McQueen did not establish that his drug test was an adverse employment action or that Boothe was aware of his protected activity at the time in question, the magistrate judge did not err in granting summary judgment to ALDOT and the State as to his retaliation claim. See Clover, 176 F.3d at 1354.

13

D.    Claims Asserted Against Individual Defendants

Finally, because Mr. McQueen's discrimination and retaliation claims fail, his § 1983 claims asserted against the Individual Defendants based upon the same underlying facts must also fail.  See Quigg v. Thomas Cty. Sch. Dist., 814 F.3d 1227, 1235 (11th Cir. 2016) ("'Title VII and [§] 1983 claims have the same elements where the claims are based on the same set of facts,' and in such cases, the claims are subject to the same legal analysis.").

For the reasons set forth herein, the judgment of the magistrate judge is **AFFIRMED.**

14